```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                  Case No. 18-01871-RNO
Carrie Ann Quesenberry                                                  Chapter 13
          Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-1           User: karendavi              Page 1 of 2              Date Rcvd: Jun 11, 2018
                               Form ID: pdf002              Total Noticed: 40


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 13, 2018.
db             +Carrie Ann Quesenberry,    2639 Gateway Drive,    Harrisburg, PA 17110-3509
5056868        +AMEX,   PO BOX 297871,    FORT LAUDERDALE, FL 33329-7871
5065008         American Express National Bank,    c/o Becket and Lee LLP,    PO Box 3001,
                 Malvern PA 19355-0701
5056869         BUREAU OF ACCOUNT MGMT,    3607 ROSEMONT AVE STE 502,    PO BOX 8875,    CAMP HILL, PA 17001-8875
5056871         CB/BON,   BK NOTICES,    PO BOX 182125,    COLUMBUS, OH 43218-2125
5056872         CB/KAY,    BANKRUPTCY NOTICES,    PO BOX 182125,    COLUMBUS, OH 43218-2125
5056873        +CCB/DNTLFRST,    PO BOX 182120,    COLUMBUS, OH 43218-2120
5056875        +CHASE,   800 BROOKSEDGE BLVD,    WESTERVILLE, OH 43081-2822
5056877         COMPUTER CREDIT, INC,    CLAIM DEPT 009696,    470 W HANES MILL ROAD,    PO BOX 5238,
                 WINSTON SALEM, NC 27113-5238
5056880        +FHA/HUD,    451 7TH STREET SW,    WASHINGTON, DC 20410-0001
5056881        +HOUSEHOLD REALTY CORP / HFC,    577 Lamont Rd,    Elmhurst, IL 60126-1021
5056884        +JP HARRIS ASSOCIATES LLC,    MUNICIPAL TAX ACCOUNTS,    PO BOX 226,
                 MECHANICSBURG, PA 17055-0226
5056888        +MARINER FINANCE LLC,    BK NOTICES,    8211 TOWN CENTER DRIVE,    NOTTINGHAM, MD 21236-5904
5056889        +MR COOPER,    8950 CYPRESS WATERS BLVD,    DALLAS, TX 75019-4620
5056890        +PAXTON CROSSING HOA,    c/o PENN EQUITY ASSOCIATES,    PO BOX 233,    HUMMELSTOWN, PA 17036-0233
5056891        +PENN CREDIT CORP,    916 S 14TH STREET,    HARRISBURG, PA 17104-3425
5065288        +Paxton Crossing HOA,    PO Box 233,    Hummelstown, PA 17036-0233
5056893         QVC EASY PAY,    STUDIO PARK,    WEST CHESTER, PA 19380
5056897        +THD/CBNA,    PO BOX 6497,    SIOUX FALLS, SD 57117-6497
5056898        +THE BRADFORD EXCHANGE,    9333 N MILWAUKEE AVENUE,    NILES, IL 60714-1392
5056899        +UNEMP COMP OVERPAYMENT MATTERS,    DEPT OF L&I - OFFICE OF CHIEF COUNSEL,
                 651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121-0751
5056900        +UNEMPL COMP TAX MATTERS,    HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
                 HARRISBURG, PA 17121-0751
5056901        +UPMC PINNACLE HEALTH HOSPITALS,    PO BOX 2353,    HARRISBURG, PA 17105-2353
5068365        +WELLS FARGO BANK, NATIONAL ASSOCIATION,    c/o Nationstar Mortgage dba Mr. Cooper,
                 P.O. Box 619096,    Dallas, TX 75261-9096

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5056870         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 11 2018 19:11:10
                 CAPITAL ONE (BANKRUPTCY NOTIFICATION) (p,    PO BOX 30285,    SALT LAKE CITY, UT 84130-0285
5056871         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jun 11 2018 19:10:24      CB/BON,    BK NOTICES,
                 PO BOX 182125,    COLUMBUS, OH 43218-2125
5056873        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jun 11 2018 19:10:24      CCB/DNTLFRST,
                 PO BOX 182120,    COLUMBUS, OH 43218-2120
5056874        +E-mail/Text: dehartstaff@pamd13trustee.com Jun 11 2018 19:10:51      CHARLES J DEHART, III, ESQ.,
                 8125 ADAMS DRIVE STE A,    HUMMELSTOWN PA 17036-8625
5056876         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 11 2018 19:10:31      COMM OF PA DEPT OF REVENUE,
                 BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
5056878         E-mail/PDF: creditonebknotifications@resurgent.com Jun 11 2018 19:11:15      CREDITONE BANK,
                 CUSTOMER BILLING AND CORRESPONDENCE,    PO BOX 98873,    LAS VEGAS, NV 89193-8873
5056879         E-mail/Text: mrdiscen@discover.com Jun 11 2018 19:10:09      DISCOVER BANK,    12 READS WAY,
                 NEW CASTLE, DE 19720
5059177         E-mail/Text: mrdiscen@discover.com Jun 11 2018 19:10:09      Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
5056882         E-mail/Text: cio.bncmail@irs.gov Jun 11 2018 19:10:12      INTERNAL REVENUE SERVICE - CIO,
                 PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5056885        +E-mail/Text: BKRMailOPS@weltman.com Jun 11 2018 19:10:23      KAY JEWELERS,    375 GHENT ROAD,
                 AKRON, OH 44333-4600
5056886        +E-mail/Text: bnckohlsnotices@becket-lee.com Jun 11 2018 19:10:10      KOHLS/CAPONE,
                 COLLECTION DEPARTMENT,    PO BOX 3084,    MILWAUKEE, WI 53201-3084
5056887        +E-mail/Text: bk@lendingclub.com Jun 11 2018 19:10:50      LENDING CLUB,    71 STEVENSON, STE 300,
                 SAN FRANCISCO, CA 94105-2985
5056892        +E-mail/Text: CDuffy@pinnaclehealth.org Jun 11 2018 19:10:23      PINNACLE HEALTH HOSPITALS,
                 PO BOX 2353,    HARRISBURG, PA 17105-2353
5057533        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 11 2018 19:11:24
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5056894        +E-mail/PDF: gecsedi@recoverycorp.com Jun 11 2018 19:11:08      SYNCB/AMAZON,    PO BOX 965015,
                 ORLANDO, FL 32896-5015
5056895         E-mail/PDF: gecsedi@recoverycorp.com Jun 11 2018 19:11:22      SYNCB/CARE,    BK NOTICES,
                 PO BOX 965061,    ORLANDO, FL 32896-5061
5056896         E-mail/PDF: gecsedi@recoverycorp.com Jun 11 2018 19:11:34      SYNCB/QVC,
                 ATTN: BANKRUPTCY DEPT,    PO BOX 965060,    ORLANDO, FL 32896-5060
5056902         E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jun 11 2018 19:10:07
                 VERIZON BANKRUPTCY DEPT,    500 TECHNOLOGY DR, STE 550,    SAINT CHARLES, MO 63304-2225
                                                                                              TOTAL: 18
```

```
District/off: 0314-1          User: karendavi         Page 2 of 2              Date Rcvd: Jun 11, 2018
                              Form ID: pdf002         Total Noticed: 40
```

***** BYPASSED RECIPIENTS (continued) *****

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5056883*        IRS CENTRALIZED INSOLVENCY ORGANIZATION,    PO BOX 7346,    PHILADELPHIA, PA 19101-7346
                                                                                     TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 13, 2018                                   Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 11, 2018 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,    TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    Nationstar Mortgage, LLC as servicer for WELLS FARGO
               BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL
               ASSOCIATION AS TRUSTEE FOR REPERFORMING LOAN REMIC TRUST CE bkgroup@kmllawgroup.com
              Kara Katherine Gendron    on behalf of Debtor 1 Carrie Ann Quesenberry karagendronecf@gmail.com,
               doriemott@aol.com;mottgendronlaw@gmail.com;bethsnyderecf@gmail.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER 13 |
| --- | --- | --- |
| CARRIE ANN QUESENBERRY | : | |
| | : | CASE NO. 1:18-bk-01871 |
| | : | |
| | : | ☒ ORIGINAL PLAN |
| Debtor(s) | : | |
| | : | ☐ AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.) |
| | : | |
| | : | ☐ 0 Number of Motions to Avoid Liens |
| | : | |
| | : | ☐ 0 Number of Motions to Value Collateral |

### CHAPTER 13 PLAN

NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☐ Not Included |
| --- | --- | --- | --- |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**
READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   A. <u>Plan Payments From Future Income</u>

     1. To date, the Debtor paid $ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $24,000.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 06/2018 | 05/2023 | $400.00 x 60 months | $ |  | $24,000.00 |
|  |  | $ | $ |  | $ |
|  |  | $ | $ |  | $ |
|  |  | $ | $ |  | $ |
|  |  | $ | $ |  | $ |
|  |  |  |  | Total Payments | $24,000.00 |

     2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

     3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

     4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

     ☐ Debtor is over median income. Debtor calculates that a minimum of $0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

   B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>

     1. The Debtor estimates that the liquidation value of this estate is $3,725.00 (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
☐☒ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.
   ☒ Certain assets will be liquidated as follows:

     2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

     3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: non-exempt proceeds, if any, from workers' compensation. settlement

Case 1:18-bk-01871-RNO   Doc 5   Filed 05/02/18   Entered 05/02/18 11:18:56   Desc
Main Document     Page 2 of 7
Case 1:18-bk-01871-RNO   Doc 22   Filed 06/13/18   Entered 06/14/18 00:46:07   Desc
Imaged Certificate of Notice     Page 4 of 9

## 2. SECURED CLAIMS
### A. Pre-Confirmation Distributions. *Check one.*

☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

☐ Adequate protection and conduit payments in the following amounts will be paid by the debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| **NONE** | | $ |

    1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.
    2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check one.*

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **MR COOPER** | **2639 Gateway Dr, Harrisburg, PA 17110** | 8208 |
| **PAXTON CROSSING HOA** | **2639 Gateway Dr, Harrisburg, PA 17110** | 39GD |

### C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence). *Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| MR COOPER | 2639 Gateway Dr, Harrisburg, PA 17110 | Per allowed proof of claim $2,027.10 estimated | | Per allowed proof of claim |
| PAXTON CROSSING HOA | 2639 Gateway Dr, Harrisburg, PA 17110 | Per allowed proof of claim $2,495.60 estimated | | Per allowed proof of claim |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| FHA/HUD | 2639 Gateway Dr, Harrisburg, PA 17110 | | | No Payments on Contingent Claim |
| HOUSEHOLD REALTY CORP | 2639 Gateway Dr, Harrisburg, PA 17110 | $5000 | 0% | $5000 |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

☒ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

**F. Surrender of Collateral**. *Check one.*

☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*

☒ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

**3. PRIORITY CLAIMS.**

   **A. Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. Attorney's fees. Complete only one of the following options:
      a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   **B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below)**. *Check one of the following two lines.*

   ☐ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.
   ☒ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| IRS CENTRALIZED INSOLVENCY ORGANIZATION | $3,000.00 |

   **C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

   ☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

## 4. UNSECURED CLAIMS

**A. Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines*.

☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

## 7. DISCHARGE: (Check one)

☐ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Secured claims, pro rata.
Level 5:   Priority claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   General unsecured claims.
Level 8:   Untimely filed unsecured claims to which the debtor has not objected.

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.

Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

    (1) Claim amounts: The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.

    (2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.

    (3) Lien Releases.

        (a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

        (b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

    (4) Notwithstanding the confirmation of this plan, the debtor(s) reserve the right to challenge the allowance, validity, or enforceability of any claim in accordance with §502(b) and to challenge the standing of any party to assert any such claim

.

        /s/ Dorothy L. Mott, /s/ Kara K. Gendron
        _____
        Dorothy L. Mott, Kara K. Gendron
        Attorneys for Debtor(s)


        /s/ Carrie Ann Quesenberry
        Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9